**BOSTON CHAPTER, NAACP, INC.,
et al.**

v.

**Nancy B. BEECHER et al.**

**Civ. A. No. 72–3060–F.**

United States District Court,
D. Massachusetts.

Nov. 16, 1976.

Thomas A. Mela, Patrick J. King, Boston, Mass., for plaintiff.

Marc Seigle, Asst. Atty. Gen., Thomas F. McKenna, Asst. Corp. Counsel, City of Boston, Law Dept., Boston, Mass., for defendants.

Richard T. Egan, Law Dept., City of Springfield, Springfield, Mass., George V. Higgins, Boston, Mass., for intervenors.

## ORDER

FREEDMAN, District Judge.

The Court has been asked to rule on two motions, both of which, if granted, would modify the decree issued as part of the opinion in *Boston Chapter, NAACP, Inc. v. Beecher,* 371 F.Supp. 507 (D.Mass.), aff'd, 504 F.2d 1017 (1st Cir. 1974), *cert. denied,* 421 U.S. 910, 95 S.Ct. 1561, 43 L.Ed.2d 775 (1975). While it would be unproductive at this time to review that case in detail, I would state generally that in the decree (hereinafter the 1974 decree) this Court enjoined the use of the then current written examination employed in selection of persons for the position of firefighter in the cities and towns of Massachusetts, ordered the City of Boston and its Fire Commissioner to begin additional recruiting of minorities, and established for Blacks and Spanish-surnamed persons a preference in hiring

to compensate for the effects of past discrimination. Subsequently, on April 17, 1975, the parties entered into an interim consent decree which permitted the administration of a new examination in accordance with the 1974 decree. Such an examination was given in July, 1975, and a certified list of candidates for firefighter was issued by the Personnel Administrator on August 18, 1976.[1]

At the time the 1974 decree was issued, the Court was aware of the possibility that a city subject to the ruling might in the near future be in immediate need of firefighters prior to the administering of a new examination and the issuance of a new Civil Service eligibility list. Paragraph 3 of the decree dealt with this possibility by stating:

> The City of Boston and any other city or town subject to Civil Service law may request Civil Service for immediate certification of candidates who are currently on the existing Civil Service eligibility list to fill, on a provisional basis, existing vacancies or vacancies which may arise prior to full compliance with this decree. The Court further orders that the life of said list shall, if necessary, be extended beyond the time of its expiration under Massachusetts law and until a new eligibility list is established in accordance with this decree. Should the existing list prove insufficient to fill the number of vacancies existing, the cities or towns subject to Civil Service law may hire firefighters on a provisional basis. The method of selection shall be left to defendants' discretion.

371 F.Supp. at 521. The subject of provisionals was also dealt with in paragraph 21 of the April 17, 1975 Interim Consent Decree:

> The eligibility list which resulted from the August 27, 1971, firefighter entrance examination shall expire upon the establishment of the eligibility list from the July Exam with the exception of those

1. The position of Personnel Administrator was formerly known as the Director of the Division of Civil Service. What is now entitled the Division of Personnel Administration was formerly known as the Division of Civil Service. To avoid confusion, the Division of Personnel Administration will be referred to herein as Civil Service.

persons who have been appointed provisional firefighters from the August 27, 1971, examination eligibility list. Said provisional firefighters shall comprise the B pool under paragraphs 7, 8, and 9 of the February 8, 1974, Decree.

The current court action began in September, 1976, when the Fire Commission of the City of Springfield (hereinafter the Commission) filed a Motion to Intervene and a Motion for Relief From Judgment. The Commission's motions were prompted by its desire to determine the status of certain provisional firefighters hired after the issuance of the 1974 decree. Unable to fulfill its need for provisional firefighters by selection of individuals from within Group B, the Commission had taken on other provisionals, some prior to the administering of the new exam in July, 1975, some after. Those in question at this time, however, took the July, 1975 exam and are now certified as members of Group D. What the Commission is now asking in its Motion for Relief From Judgment is that those provisionals be listed first in Group D.[2] In support of that request the Commission points out the time and money invested in the training of the provisionals, as well as the argument that fairness requires that these provisionals be given preference over others in Group D by virtue of the time they have served as firefighters. It further argues that while the provisionals in question took the same on-the-job risks as those hired from Group B, they are not being treated the same, since the B provisionals were listed first in Group B by virtue of the 1974 Decree and the April 17, 1975 Interim Consent Decree. Finally, it asserts that

after the hiring of the provisionals, the absolute preference given to veterans within Civil Service in Massachusetts was ruled unconstitutional by a three-judge District Court in *Anthony v. Commonwealth of Massachusetts*, 415 F.Supp. 485 (D.Mass. 1976), and that this change in the law has significantly altered the ranking of the provisionals on the Civil Service list.

A hearing on this matter was held on October 28, 1976, at which time this Court allowed the Commission's Motion to Intervene, but only for the limited purpose of determining the status of the provisionals in question. At that time the Court also allowed another motion to intervene filed by four candidates for permanent appointment as firefighters in Springfield who are named in the D Group of the current certification list.[3] That motion was allowed for the same limited purpose as in the case of the Commission.

At the October 28, 1976 hearing, following oral arguments, the Court requested that within one week plaintiff and the Commission attempt to draft and submit a written agreement regarding the status of the provisionals in question, and that all parties wishing to submit arguments on the issue at hand do so by November 9, 1976. It is now apparent that such an agreement was not reached. However, besides memoranda filed by the various parties, what was eventually submitted was an additional motion by plaintiff NAACP to amend the 1974 decree by adding a sixteenth paragraph that would read as follows:

Notwithstanding Paragraph 9(a) and (c) of this Order, upon the exhaustion of

---

**2.** The motion seeks modification of paragraph 7(d) of the 1974 decree so that it would read as follows (emphasis has been given to the Commission's suggested addition).

Group D shall consist of all other persons, excluding those in Groups A, B and C, who pass the new valid examination and are otherwise qualified for appointment on the basis of existing requirements. Said persons shall be ranked in accordance with existing Massachusetts law, *except that any persons who have been appointed to the City of Springfield Fire Department from said list on a provisional basis shall be listed first.*

**3.** These four intervenors are Robert Gallant, James Martin, Gary Dunkin, and James Fahey. They state they are now eligible for, and willing to accept, permanent appointment as a firefighter in the Fire Department of The City of Springfield. None of them is a provisional appointee, but each claims an interest in this case in that, if granted, the Commission's Motion for Relief From Judgment would impair and impede his ability to protect his interest in obtaining permanent appointment.

Groups A and B, candidates shall be certified to the Springfield Fire Department on the following basis:

(a) on the certified list, dated August 18, 1976, one candidate from Group C for each candidate from Group D, provided that the Director of Personnel Administration shall approve not more than sixty appointments from said certified list.

(b) On subsequent certified lists prepared after the Director of Personnel Administration administers a firefighter entrance examination to applicants for appointment to the Springfield Fire Department, until such time as the number of persons appointed from Groups A and C equals the number of persons appointed from Groups B and D, four candidates from Group C for each candidate from Group D.

■ At the outset, I wish to make it clear that paragraph 15 of the 1974 decree, which states that "[t]he Court shall retain jurisdiction for such further action as may be necessary or appropriate," was not intended as an indication that the case of *Boston Chapter, NAACP, Inc. v. Beecher* would remain open *ad infinitum* or that the Court would entertain as part of that case any and all dissatisfactions that various cities, towns, or individuals might have with the decree. It was merely incorporated to facilitate the resolution of problems between the original parties in their efforts to implement the decree. I do not consider the motions which are now before the Court to be of the nature contemplated when paragraph 15 was conceived. Nevertheless, I hereinafter enter my determinations and reasoning regarding them.

■ While I can appreciate the arguments made by the Fire Commission of the City of Springfield, after careful consideration, I feel that I have no choice but to deny its Motion for Relief From Judgment. Beyond my thinking that such an amendment to the 1974 decree would be ill-advised at this late date, I am of the opinion that giving the provisionals in question the requested preference would be contrary to the law of the Commonwealth, as well as unfair to those non-provisionals who are on the eligible list and hoping to obtain appointment as firefighters. Chapter 31 of the Massachusetts General Laws, which sets forth the rights and duties of those within the Commonwealth's Civil Service System, gives no rights to a provisional appointee. The authorization of provisional appointments is within the discretion of the personnel administrator, and he may terminate them at any time. Mass.Gen.Laws c. 31 § 15.[4] Even if the personnel administrator is not inclined to terminate the appointments, they are at certain points in time terminated by operation of law. Provisional appointments must terminate within six months and fourteen days from the date of a written examination, Mass.Gen.Laws c. 31 § 12, or within thirty days after the establishment of an eligibility list for the position to be filled, *id.* § 15, whichever occurs first.

■ The amendment to the 1974 decree requested by the Commission, if made, would provide the provisionals with a priority not contemplated by the laws of Massachusetts. While this Court may in appropriate circumstances interpret those laws, it may not restructure them or give them an interpretation that cannot fairly be drawn.

---

**4.** The status to be given a provisional employee was apparently made clear to those in Springfield at the time they made application for the position by means of a sheet which began: "INSTRUCTIONS AND EXPLANATION FOR PROVISIONAL APPOINTEES—READ CAREFULLY." That sheet read in part:

*EXPLANATION OF PROVISIONAL APPOINTMENT.*

When appointed provisionally, you do not have tenure. (Guaranteed perminent [*sic*] employment) You will still be required to take the next civil service Exam. for firefighter. You must pass this examination plus a strength test and your standing on the certified list will have to be high enough so that your name comes in to the appointing authority for consideration on a certification for perminent [*sic*] appointment. . . . If you do not pass the Exam. or strength test, you cannot be appointed permanently. Remember, being provisionally appointed does not guarantee permanent employment.

■ Although there is an initial similarity between what the Commission is requesting regarding a preference in Group D for the provisionals involved herein and the apparent preference given to Group B provisionals whose names had been on the eligibility lists established in April, 1972, there is in fact a distinction. The latter group of appointees had taken and passed a firefighter examination given in 1972. These Group B provisionals were high on the 1972 eligibility list and, but for this Court's 1974 decision, would have eventually obtained permanent appointment. Having already passed the examination and been placed on the eligibility list, it can be said that they had a vested interest in such permanent appointments, and that, as argued by Civil Service, by giving them a preference on future lists, this Court did not accord them any status that they would not have otherwise had. The provisionals now in question, on the other hand, had not passed an examination prior to this Court's 1974 ruling. There is nothing that entitles them to any type of preferred status.

It is understandable that the Commission is concerned over the time and money expended in the training of its provisionals. But, rather than lost, its investment is only postponed. The provisionals, according to what is in the record, have taken and passed the new examination. Those who under Massachusetts law are placed on the eligibility list and are chosen for permanent positions in the future will not have to be retrained.

■ I do not feel that the effect of the *Anthony* case on veterans preference in Massachusetts is germane to a decision of the issues now before the Court. That the ruling works a hardship on the Springfield Fire Commission because the provisionals it hired are now farther down on the eligibility list is regrettable, but certainly no reason for placing a provisional ahead of another applicant for permanent appointment. To do so simply because he is a veteran would be circumventing the reasoning and desired result of *Anthony*, which affects many persons, not only firefighters.

■ I must also deny plaintiff's motion to amend the 1974 decree. I realize that it has been prompted by what plaintiff considers to be serious underrepresentation of Black and Spanish-surnamed firefighters in the Springfield Fire Department. Nevertheless, the Court is not of the opinion that an amendment to the 1974 decree, which was issued well over two and one-half years ago, is the proper way to remedy any underrepresentations of those two minority groups. Prior to the issuance of the 1974 decree, this Court gave careful consideration to past minority discrimination in the selection of firefighters in Massachusetts and possible ways to compensate for it which would at the same time avoid the creation of a procedure that might lead to reverse discrimination. I feel that the preference established in the decree is sufficient to remedy that problem. What is essential to the successful effectuation of that decree, however, is a recruiting program that makes minorities aware of the position of firefighter and the manner in which to properly qualify for it.

The Court is sympathetic to the interests of all parties concerned with the permanent appointment of firefighters in the cities and towns of the Commonwealth. I fully realize that the provisional appointments in question at this time will terminate within a matter of days. However, I feel that the Massachusetts laws regarding such appointments are clear and must be adhered to. In its February 8, 1974 decree, after serious consideration of the issues involved and all persons who would be affected by its ruling, the Court set forth what it believed was the fairest method to compensate for past discriminatory appointment practices. I feel that plaintiff NAACP, defendant Civil Service, and cities such as Springfield can work within the decree's framework in a manner that, consistent with the laws of Massachusetts, will assure all those interested a fair and equal opportunity for permanent appointment as a firefighter. Whether that will involve such actions as increased recruitment programs for minorities or additional examinations are ques-

tions that such parties should resolve amongst themselves. In the meantime, unless it can be shown that the 1974 decree is inadequate to achieve its desired ends, or that fair appointment procedures are being hindered by applicable state laws or by the malevolent actions of some individual, the United States District Court can not properly be asked to intervene further.

The motion by the Fire Commission of The City of Springfield for relief from judgment is denied. Plaintiff's motion to amend the February 8, 1974 decree is also denied.